IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| XAVIER HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12 CV 8198 |
| ) | |
| The CITY OF MARKHAM, Illinois, a ) | |
| Municipal Corporation, former Markham ) | Judge |
| Deputy Police Chief ANTHONY DEBOIS ) | |
| #5, Markham Police Officer WILLIAM ) | Magistrate Judge |
| BRAZIL #536, and other UNKNOWN ) | |
| MARKHAM POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Plaintiff, XAVIER HODGE, by and through his attorneys, The Hamilton Law Office, LLC, makes the following complaint against Defendants CITY OF MARKHAM ("Defendant CITY"), former Markham Deputy Police Chief ANTHONY DEBOIS, Markham Police Officer WILLIAM BRAZIL and other UNKNOWN MARKHAM POLICE OFFICERS (collectively "DEFENDANT OFFICERS" ):

JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution and under Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within the district.

THE PARTIES

4. Plaintiff XAVIER HODGE is a 27 year-old security director, United States Army veteran, and a resident of Markham, Illinois. Plaintiff is employed by AECom working in Afghanistan providing support maintenance operations for the United States Army.

5. Defendant CITY is a municipal corporation incorporated under the laws of the State of Illinois.

6. Defendant DEBOIS was, at all times relevant to this complaint, the Deputy Chief of Police for the Markham Police Department, employed by Defendant CITY and acting in the scope of that employment and under color of law.

7. Defendant BRAZIL is or was at all times relevant to this complaint, a Markham police officer, employed by Defendant CITY and acting under color of law and within the scope of his employment.

8. UNKNOWN OFFICERS, are or were at all times relevant to this complaint, Markham police officers, employed by Defendant CITY and acting under color of law and within the scope of their employment.

## FACTS

### Defendant DEBOIS Harasses Plaintiff's Employer

9. Since 2007 Plaintiff has worked as a security agent for B & E Protection, a small security business owned by Michael Haymer and based in the south suburbs of Chicago, Illinois.

10. In October of 2009, B & E Protection was hired to provide security services for Adrianna's Sports Bar and live music venue, located at 16300 South Dixie Highway in Markham, Illinois.

12. Prior to hiring B & E Protection to provide security services, Adrianna's Sports Bar fulfilled its security needs by hiring off-duty Markham police officers.

13. Shortly after B & E Protection began working at Adrianna's Sports Bar, Defendant DEBOIS, while on duty as a Markham police officer, began making comments to Haymer and other B &

E Employees, suggesting that Haymer pay DEBOIS a portion of his profits at Adrianna's Sports Bar, because DEBOIS had recommended him for the job.

14. When Haymer did not pay DEBOIS this kickback, DEBOIS's comments became more frequent and increasingly threatening, and culminated in DEBOIS having Haymer falsely arrested at his home in Hazel Crest by Markham police officers, including Defendant BRAZIL.

15. Haymer brought a separate civil rights lawsuit for this arrest which was settled by the parties.

### DEFENDANT OFFICERS' Illegal Search and Seizure of Plaintiff

16. On May 14, 2011, Plaintiff was working for B & E Protection which had been hired to provide bodyguard services for an R&B group called Day26, who was scheduled to perform at Adrianna's Sports Bar.

17. At approximately midnight, Plaintiff HODGE and Mr. Haymer arrived at Adrianna's to make sure B & E Protection employees were in place and that things were running smoothly.

18. When Plaintiff HODGE and Haymer arrived, Defendant DEBOIS was standing outside of Adrianna's talking on his cell phone.

19. Plaintiff HODGE and Mr. Haymer then went inside the club to speak with the manager and check that everything was in order.

20. Inside the club, Defendant DEBOIS had a conversation with other Markham police officers who were present at the club, including Defendant BRAZIL.

21. Shortly thereafter, and at Defendant DEBOIS' direction, Defendant BRAZIL and UNKNOWN OFFICERS approached Plaintiff HODGE and Mr. Haymer and ordered them outside.

22. Plaintiff HODGE and Michael Haymer complied. Once outside, Defendant BRAZIL and UNKOWN OFFICERS put Plaintiff HODGE up against a fence and searched him without legal justification, including inside his pockets, finding nothing illegal.

3

23. While Plaintiff was outside, Defendant DEBOIS joined his fellow officers and began verbally abusing Haymer.

24. While Defendant DEBOIS was yelling at Haymer, Plaintiff HODGE took out his cell phone, intending to record Defendant DEBOIS's conduct.

25. When Defendant DEBOIS saw Plaintiff HODGE take out his cell phone, Defendant DEBOIS snatched the phone out of Plaintiff HODGE's hand and told him he was committing a Class 4 felony, even though Plaintiff HODGE had not yet even attempted to record Defendant DEBOIS, or any other police officer.

26. One or more of DEFENDANT OFFICERS then handcuffed Plaintiff HODGE, and Defendant DEBOIS instructed them to charge Plaintiff HODGE with Eavesdropping and Impersonation of a Police Officer.

27. One or more of DEFENDANT OFFICERS then placed Plaintiff HODGE in a K-9 Markham police vehicle and he was then driven to the Markham police station, approximately a mile and a half from Adrianna's Sports Bar.

28. When they arrived at the police station, Defendant DEBOIS, using the radio, instructed the officer detaining Plaintiff HODGE to bring him back to Adrianna's Sports Bar.

29. When Plaintiff HODGE was returned to the bar, Defendant DEBOIS removed Plaintiff HODGE's handcuffs and released him, without charging him with any offense.

30. Plaintiff HODGE makes his living as a security guard.  This arrest and harassment occurred on the premises of potential client and in full view of passersby, causing Plaintiff anxiety and emotional distress over his professional reputation and his ability to earn a living for himself and his family.

**Defendant DEBOIS's Pattern of Misconduct**

31. Defendant DEBOIS began his law enforcement career at the Chicago Housing Authority. He then worked as a police officer for the Harvey Police Department from 1997 to 2007. Defendant DEBOIS joined the Markham Police Department in 2007, and resigned in 2012. At all times relevant to this complaint, Defendant DEBOIS was a high-ranking official in the Markham Police Department, with the title of Deputy Chief.

32. Since 2004, Defendant DEBOIS has been named in at least fourteen separate lawsuits alleging various types of misconduct and civil rights violations.

33. Defendant CITY has allowed Defendant DEBOIS to abuse citizens and the criminal court processes by, among other things, using excessive force, making false arrests and police reports, stealing, fabricating and/or withholding evidence, and illegally searching homes and property.

34. Defendant CITY has paid for Defendant DEBOIS's legal representation in these lawsuits and has paid undisclosed amounts of money to settle lawsuits against DEBOIS.

## The City's Deliberate Indifference

35. Defendant CITY maintains a de facto policy, practice, and custom of failing to properly screen, train, supervise, discipline, and control its officers, which was the moving force behind the violations of Plaintiff's constitutional rights.

36. Municipal policy-makers have long been aware of Defendant CITY's policy and practice of failing to properly screen, train, monitor, and discipline its police officers.

37. For example, Defendant CITY has failed to institute an adequate system for recognizing problem officers, or to ensure an effective disciplinary machine.

38. At the time of events at issue in this case, the Department has not implemented any written policy, practice, or procedure to conduct pattern analysis of complaints of misconduct against Markham police officers. Thus, Defendant DEBOIS was able to accumulate large numbers of complaints of similar misconduct without fear of disciplinary action.

39. As a result of Defendant CITY's policies, practices, and customs, DEFENDANT OFFICERS were emboldened by their knowledge that they were "above the law" and would not be held accountable for their misconduct.

40. At the time of the events described above, DEFENDANT OFFICERS knew that Defendant CITY would not subject them to any meaningful investigation and discipline. Their misconduct in this case was a direct result of Defendant CITY's failure to adequately screen, discipline, and control its officers.

## COUNT I
(42 U.S.C. §1983: Unlawful Seizure/False Arrest)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

42. As more fully described above, DEFENDANT OFFICERS detained Plaintiff HODGE, or caused Plaintiff HODGE to be detained, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff HODGE's rights under the Fourth Amendment to the United States Constitution.

43. The misconduct described in this count was objectively unreasonable under the circumstances.

44. On information and belief, one or more Defendants who did not participate in the unlawful seizure of Plaintiff HODGE, had knowledge of the unlawfulness of his or her fellow officers' actions, and had a reasonable opportunity to intervene to prevent harm to Plaintiff HODGE, but failed to do so.

45. As a direct and proximate result of this illegal seizure, Plaintiff HODGE suffered damages, including emotional damages, damage to his reputation, and a deprivation of his liberty.

46. WHEREFORE, Plaintiff HODGE prays for judgment against DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries he has suffered. Plus, Plaintiff HODGE seeks a substantial sum in punitive damages against DEFENDANT OFFICERS costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

39. As a result of Defendant CITY's policies, practices, and customs, DEFENDANT OFFICERS were emboldened by their knowledge that they were "above the law" and would not be held accountable for their misconduct.

40. At the time of the events described above, DEFENDANT OFFICERS knew that Defendant CITY would not subject them to any meaningful investigation and discipline. Their misconduct in this case was a direct result of Defendant CITY's failure to adequately screen, discipline, and control its officers.

## COUNT I
(42 U.S.C. §1983: Unlawful Seizure/False Arrest)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

42. As more fully described above, DEFENDANT OFFICERS detained Plaintiff HODGE, or caused Plaintiff HODGE to be detained, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff HODGE's rights under the Fourth Amendment to the United States Constitution.

43. The misconduct described in this count was objectively unreasonable under the circumstances.

44. On information and belief, one or more Defendants who did not participate in the unlawful seizure of Plaintiff HODGE, had knowledge of the unlawfulness of his or her fellow officers' actions, and had a reasonable opportunity to intervene to prevent harm to Plaintiff HODGE, but failed to do so.

45. As a direct and proximate result of this illegal seizure, Plaintiff HODGE suffered damages, including emotional damages, damage to his reputation, and a deprivation of his liberty.

46. WHEREFORE, Plaintiff HODGE prays for judgment against DEFENDANT OFFICERS in a fair and just amount sufficient to compensate him for the injuries he has suffered. Plus, Plaintiff HODGE seeks a substantial sum in punitive damages against DEFENDANT OFFICERS costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT II
(42 U.S.C. §1983: Unlawful Search)

47. Each of the preceding paragraphs is incorporated as if fully restated here.

48. As more fully described above, DEFENDANT OFFICERS searched Plaintiff HODGE's person, or caused him to be searched, without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff HODGE's rights under the Fourth Amendment to the United States Constitution.

49. This misconduct, including the manner and scope of each search, was objectively unreasonable under the circumstances.

50. As a direct and proximate result of this illegal search, Plaintiff HODGE suffered damages, including emotional damages, which will be proven at trial.

WHEREFORE, Plaintiff HODGE prays for judgment against DEFENDANT OFFICERS in a fair and just amount to compensate him for the injuries he has suffered. Plus, Plaintiff HODGE seeks a substantial sum in punitive damages against DEFENDANT OFFICERS, costs and reasonable attorneys' fees, and all such other relief as this Court finds just and equitable.

## COUNT III
(42 U.S.C. § 1983: Conspiracy to Deprive Constitutional Rights)

51. Each of the preceding paragraphs is incorporated as if fully restated here.

52. As described more fully above, DEFENDANT OFFICERS, reached an implied or express agreement to unlawfully detain and/or arrest Plaintiff HODGE and search his person, and thereby deprive Plaintiff HODGE of his Constitutional rights, all as described more fully throughout this Complaint.

53. In furtherance of the conspiracy, each of the co-conspirators committed overt acts, or caused others to do so, and was an otherwise willful participant in joint activity.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff HODGE.

55. As a result of the Defendants' conduct, Plaintiff HODGE suffered damages, including emotional distress, damage to his reputation, and a deprivation of his liberty.

WHEREFORE, Plaintiff HODGE prays for judgment against DEFENDANT OFFICERS, in a fair and just amount sufficient to compensate Plaintiff HODGE for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as this Court finds just and equitable.

### COUNT IV
(42 U.S.C. § 1983: *Monell* Policy Claim Against the City of Markham)

56. Each of the preceding paragraphs is incorporated as if fully restated here.

57. The misconduct described in the preceding paragraphs was undertaken pursuant to the policy and practice of the Markham Police Department in that:

   a. As a matter of both policy and practice, the Markham Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately discipline, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of both policy and practice, the Markham Police Department facilitates the very type of misconduct at issue here by failing to adequately screen, punish and discipline prior instances of similar misconduct, thereby leading Markham police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Markham police officers accused of misconduct can be confident that the Department will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in misconduct;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Markham Police Department abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Markham Police Department makes

8

      findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Markham Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

58. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured as more fully described above.

    WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Defendant CITY and that Plaintiff be awarded compensatory damages, reasonable attorneys' fees, costs, and expenses.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

XAVIER HODGE, Plaintiff,

By:    /s/ Torreya L. Hamilton
        Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
11 South LaSalle St., Suite 1000
Chicago, IL 60603
312.726.3173